

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,

-vs-

MOHAMMAD HAMDAN,

                  Defendant.

_____/

No.   14-20232

HON. Gerald E. Rosen

OFFENSE: 18 U.S.C.   1001(a)(2) – False Statement to a Federal Agent Involving International Terrorism

MAXIMUM PENALTY: 8 years

MAXIMUM FINE: $250,000

SUPERVISED RELEASE:
1 year but not more than 3 years

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

MOHAMMAD HAMDAN and the government agree as follows:

1. **GUILTY PLEA**

   **A.** **Count of Conviction**

   Defendant will enter a plea of guilty to **Count 1** of the First Superseding

   Information, which charges him with making False Statement to a Federal Agent

   Involving International Terrorism in violation of 18 U.S.C. 1001(a)(2).

   **B.** **Elements of Offense**

The elements of Count 1:

1. The defendant made a statement or representation;

2. The statement was false, fictitious or fraudulent;

3. The statement or representation was material;

4. The defendant acted knowingly and willfully;

5. The statement pertained to a matter within the jurisdiction of the executive branch of the United States government; and

6. The statement involves international terrorism.

### C.   **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea:

In early September 2013, Mohammad Hassan Hamdan (hereinafter "Hamdan") had contact with a confidential source of the Federal Bureau of Investigation (FBI). During this contact, Hamdan told the confidential source (hereinafter "Source") that Hamdan wanted to travel to Syria by Christmas 2013 in order to fight alongside Hezbollah. Hamdan indicated that his travel might be delayed because his sister was holding his Lebanese passport.

On January 28, 2014, the FBI conducted a consensually recorded

2

conversation between Hamdan and Source.    During the consensually recorded conversation Hamdan discussed his intent to go to Lebanon for the purpose of assisting Hezbollah in its efforts in the war in Syria.    Hamdan indicated that he did not anticipate leaving the United States until sometime in May 2014, because he had to replace his missing Lebanese passport.

On March 15, 2014, the FBI received information that Hamdan had booked a flight to Lebanon to leave the evening of March 16, 2014. On the same day, Hamdan called Source and stated that he wanted to meet to say goodbye.

On March 16, 2014, Hamdan met with the Source. During this recorded meeting the Source tried to discourage Hamdan from going to fight in Syria, telling Hamdan that the United States government considers Hezbollah a terrorist organization, it was likely that Hamdan would become known by fighting in Syria, and that as a result it would not be possible for him to return to the United States. Hamdan stated that he did not think he would get in trouble if he came back to the United States but that he did not intend to come back in any event.

Later that night Hamdan was detained at the Detroit Metropolitan Airport after clearing the TSA security checkpoint but prior to boarding his flight. Hamdan was questioned by agents of the Federal Bureau of Investigation.    After receiving

*Miranda* warnings, Hamdan denied any plans to join Hezbollah or to fight in Syria. Further he denied ever having told anyone that he planned to join Hezbollah or to fight in Syria, instead saying that the purpose of his trip to Lebanon was to have dental work done.

### 2.   SENTENCING GUIDELINES

#### A.   Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

#### B.   Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is 51-63 months, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime, and if any such finding results in a guideline range higher than 51-63, the higher

guideline range becomes the agreed range.   The Court is not bound by this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation.

However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

## 3.   SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

### A.   Imprisonment

Pursuant to Rule 11(c)(1)(C), the parties agree that the sentence of

imprisonment will be no less than 63 months.

**B.    Supervised Release**

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release on Count 1 of no less than **2 years but not more than 3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release. Upon his removal from the United States, the defendant's supervision shall become non-reporting supervised release. A special condition of his supervised release is that the defendant cannot return to the United States of America without the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security.

**C.    Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

**D.    Fine**

There is no agreement as to fines.

**E.    Restitution**

The Court may order restitution to every identifiable victim of defendant's offense.

## 4.   OTHER AGREEMENTS

### A.   Stipulated Order of Removal

Defendant acknowledges that he is a citizen of Lebanon and a lawful permanent resident of the United States. He agrees to surrender and abandon his lawful permanent resident status in the United States immediately following the execution of this agreement and to be thereafter deported and removed to Lebanon after serving any term of incarceration that may be imposed by the Court. Defendant agrees to execute whatever documents are requested of him by the Department of Homeland Security to effectuate this agreement including but not limited to Form I-407 (Record of Abandonment of Lawful Permanent Resident Status), applications for passports or travel documents, and the like. Defendant further agrees that, upon the abandonment of his lawful permanent resident status, he will be removable from the United States pursuant to 8 U.S.C. § 1227(a)(1)(B), in that he will be present in the United States without status and in violation of law.

After consultation with counsel and understanding the legal consequences of doing so, the defendant stipulates to and requests a judicial order of removal from

this Court, to be entered at sentencing, as a condition of this plea agreement pursuant to 8 U.S.C. § 1228(c)(5). Accordingly, the defendant knowingly and voluntarily waives the right to receive notice of the government's intent to request judicial removal and of the factual basis for the removal, and he waives his right to a hearing in this Court on the matter of his removability and he further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated judicial removal order. The defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA"), on the question of the defendant's removability from the United States. The defendant further understands the rights the defendant would possess in a contested administrative proceeding and waives these rights, including the defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross examine the witnesses presented by the government.

The defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum;

withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States.

As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, Lebanon on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no fear of torture in Lebanon.

The defendant hereby requests that an order be issued by this Court for his removal to Lebanon. The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal. The

defendant further waives any right he may have to reopen his removal proceedings or seek protection from removal at a later date based upon changed country conditions in Lebanon.  Defendant understands that the judicial order of removal to be entered by this Court shall conclusively resolve his removability from the United States and precludes his ability to ever seek relief from removal.  He further agrees to fully cooperate in his removal from the United States at the direction of the Department of Homeland Security and will take no action, including legal action, to hinder or delay his removal.

The defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6.   At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal.   The concurrence will be filed with the Court prior to sentencing. As a result of the above referenced order, upon the completion of the defendant's criminal proceedings, including any sentence of incarceration, the defendant shall be removed to Lebanon.

The parties agree that any breach of this paragraph and any other paragraph of this agreement shall be deemed a breach of the plea agreement. Furthermore, the

parties agree that any breach of this paragraph, concerning the defendant's stipulation for removal, by Defendant shall be deemed contempt of court.

### B. Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

### 5. OTHER CHARGES

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

### 6. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The recommendations in Part 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

### 7. WAIVER OF APPEAL

Defendant waives any right he may have to appeal his conviction.  If the

sentence imposed does not exceed the maximum recommendation allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence.  If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

**8.   CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)**

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**9.   PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**10.   SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11.   <u>ACCEPTANCE OF AGREEMENT BY DEFENDANT</u>

     This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by **12:00 P.M. on 7/29/2016**. The government

reserves the right to modify or revoke this offer at any time before defendant pleads

guilty.

 

BARBARA L. MCQUADE
United States Attorney


JONATHAN TUKEL
ASSISTANT U.S. ATTORNEY
CHIEF, NATIONAL SECURITY UNIT

RONALD W. WATERSTREET
ASSISTANT U.S. ATTORNEY

DATE:                            DATE:

By signing below, defendant acknowledges that he has read (or been read) this entire
document, understands it, and agrees to its terms. He also acknowledges that he is
satisfied with his attorney's advice and representation. Defendant agrees that he
has had a full and complete opportunity to confer with his lawyer, and has had all of
his questions answered by his lawyer.


ARTHUR JAY WEISS
ATTORNEY FOR DEFENDANT

MOHAMMAD HASSAN HAMDAN
DEFENDANT

DATE: 8/15/16              DATE: 8-15-16

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2J1.2(a) | Obstruction of Justice | 14 |
| 2J1.2(b)(1)(C) | Matter involves Terrorism | 12 |
| | | |
| | | |
| | | |

### 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.



26

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*



A-2

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

## WORKSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

5. **TOTAL UNITS**

| | unit |
|---|---|
| | unit |
| | unit |
| | unit |

| units |
|---|

B-1

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

6. **INCREASE IN OFFENSE LEVEL**
   1 unit ⟶ no increase  2 1/2 – 3 units ⟶ add 3 levels
   1 1/2 units ⟶ add 1 level  3 1/2 – 5 units ⟶ add 4 levels
   2 units ⟶ add 2 levels  > 5 levels ⟶ add 5 levels



7. **ADJUSTED OFFENSE LEVEL OF GROUP
   WITH THE HIGHEST OFFENSE LEVEL**



8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.



B-2

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): March 16, 2014

## 1.   PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                                    **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                    **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                    **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 03/11/2014 | A | Poss.of Marijuana | 9 months probation | | 1 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*     If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*     A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

> 2

3. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.



4. **TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

> 3

5. **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

> II

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

## WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   26

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   -3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   23

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history.   Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   II

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   

   b. Criminal History Category:   If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal   provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

   

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   51-63

   months

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

7.  **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
    If the maximum sentence authorized by statute is below, or a minimum
    sentence required by statute is above, the guideline range entered in Item 6,
    enter either the guideline range as restricted by statute or the sentence
    required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of
    conviction is required by statute to be consecutive to the sentence on any
    other count of conviction, explain why.



months

D-2

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

## WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   

   1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).
   2. Probation is authorized by the guidelines (minimum of guideline range = zero months).
   3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).
   b. Length of Term of Probation (U.S.S.G. § 5B1.2)
   1. At least 1 year but not more than 5 years (total offense level ≥ 6)
   2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   

   a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).
   b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

        ☐  1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment $\geq 25$ years.

        ☒  2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment $\geq 5$ years but $< 25$ years.

        ☐  3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment $> 6$ months but $< 5$ years.

        ☐  4. The statute of conviction requires a minimum term of supervised release of ▒▒▒▒ years.

    c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

    ☐  1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663, 3664.) The court will determine who the victims are and their restitution amounts.

    ☐  2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $▒▒▒▒▒▒▒▒.

E-2

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

5. Restitution is not applicable. ☒

## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $10,000 | $100,000 |

E-3

| Defendant: | MOHAMMAD HAMDAN | Count: | 1 - Superseding Information |
|---|---|---|---|
| Docket No.: | 14-20232 | Statute(s): | 18 U.S.C. 1001 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $100 .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

☐ Assets of the defendant will be forfeited.

☐ Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

(Rev. April 2014)

E-4